UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY JOSEPH BETHANY, JR., <br><br> Plaintiff, <br><br> v. <br><br> CATES, *et al.*, <br><br> Defendants. | Case No. 1:25-CV-00780-EPG (PC) <br><br> ORDER TO ASSIGN A DISTRICT JUDGE <br><br> FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER <br><br> (ECF Nos. 1, 6) <br><br> OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Gregory Bethany, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1, 5). Plaintiff filed the complaint commencing this action on June 27, 2025. (ECF No. 1). Plaintiff generally alleges that, as a new inmate, Plaintiff was targeted and attacked by inmates at California Correctional Institution (CCI) at the behest of Defendants, a warden and numerous correctional officers.

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. [1]  Accordingly, for the reasons

---

[1] As described below, the Court granted Plaintiff two extensions of this deadline but denied a third request for extension of time.

1

given below, the Court will recommend that Plaintiff's case be dismissed for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

2

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff sues four CCI officials: Warden Brian K. Cates, Correctional Captain Eric Barthelmes, Correctional Lieutenant B. Campbell, and Correctional Sergeant J. Sandoval. [2]

Plaintiff alleges that on February 3, 2025, when he was a "new arrival" at CCI, he was "targeted, assaulted, attacked, and battered" by at least five inmates as he walked through a breezeway near the gym within the prison. (ECF No. 1 at 3). Plaintiff further alleges that he did not know these inmates and that they were "directed or allowed" to carry out the "missions by CDCR employee(s)." (*Id.*). Furthermore, Plaintiff claims that the incident was a planned conspiracy to target specific inmates, including him, to cause harm and injury. (*Id.*).

Plaintiff alleges that as a direct result of Defendants' acts, he suffered harm and injury and must "suffer and live with the present threat of danger and violence." (*Id.* at 4).

Plaintiff alleges that he suffered injuries and received no medical treatment for physical pain and suffering, also at the order of Defendants. (*Id.* at 5).

Plaintiff states Defendants acted with awareness of a "deliberate indifference to violate Plaintiff's rights." Furthermore, Plaintiff claims that Defendants violated several policies, rules, and regulations and that he has exhausted his claims by grievances. (*Id.* at 4-5).

Finally, Plaintiff alleges that prison officials have yet to classify or clear him according to prison regulations and at the time of the alleged assault, was marked as a "new arrival." (*Id.* at 3-4). Furthermore, Plaintiff claims that he was never classified or cleared by ICC/UCC and "never should have been uprooted from [his] normal activity at Salinas Valley State Prison (SVSO)." (*Id.*, at 4).

As for relief, Plaintiff seeks various damages, "relief from initial filing fees," "reasonable attorney fees," and "protective orders from Defendants' retaliations." (*Id.* at 6.)

\\\

\\\

\\\

---

[2] Within the facts alleged in the complaint, Plaintiff also lists Doe Defendants 1-20.

**III.   SCREENING ORDER AND PLAINTIFF'S REQUESTS FOR EXTENSIONS OF TIME TO RESPOND**

On December 1, 2025, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 6). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 7-8). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.* at 8).

On January 5, 2026, Plaintiff filed a request for extension of time to respond to the screening order.  (ECF No. 7).  Plaintiff asked for an indefinite extension of time due to violence at the prison, lockdowns preventing access to the law library, and delay in receiving the "notice of electronic filing."  (ECF No. 7, at p. 1).  Plaintiff's motion attached a form related to "Priority Library User" ("PLU"), which indicated that Plaintiff was granted PLU status from December 15, 2025 through December 31, 2025.  (ECF No. 7, at p. 2).

On January 7, 2026, the Court granted Plaintiff a 30-day extension of time to respond to the Screening Order and again warned that failure to respond to the Screening Order "may result in dismissal of the case." (ECF No. 8).

On February 6, 2026, Plaintiff filed another motion for extension of time to respond to the screening order, asking for an extension of 30 days to this deadline.  (ECF No. 9).  Plaintiff stated that he needed an extension "due to the violence, and ongoing inconsistent programs, and policies in place," preventing him from accessing the library.  Plaintiff also asked "how could I get a civil attorney to help, if possible."  (ECF No. 9, at p. 1).

On February 11, 2026, the Court granted a second and final 30-day extension of time to respond to the Screening Order, noting that "[i]f Plaintiff fails to file a First Amended Complaint or notify the Court that Plaintiff wants to stand on his Complaint **no later than March 13, 2026**, the Court will issue findings and recommendations that this case be dismissed for the reasons set forth in the Screening Order." (ECF No. 10 (emphasis in original)).

Despite the Court's final warning, on March 16, 2026, Plaintiff filed a third motion for extension to respond to the screening order, asking for an additional 30 to 60 days. (ECF No.

12). Plaintiff's motion stated, "[t]he reasons this time on delay is based on staff negligence giving me my legal mail within two weeks of my deadline, also due to prison policies stating I can not go to legal library unless its yard and the yard is experiencing ongoing staff shortages." (*Id.*, at p. 1).

In considering this third motion for extension, the Court noted that Plaintiff's reasons for the extension were the same reasons from his first and second requests for additional time, which the Court granted. The Court also considered that Plaintiff had been warned that the second extension "will be the final extension to respond to the Screening Order." (ECF No. 10, 13). Therefore, the Court denied Plaintiff's third motion for extension of time (ECF No. 13).

### IV.    ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the

meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Failure to Protect

Plaintiff claims that Defendants failed to protect him against, and even conspired with, inmates who assaulted him upon his arrival to CCI.

Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155,1160 (9th Cir. 2013) (quoting *Farmer*, 511 U.S. at 847). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, and that the prison official was deliberately indifferent to the risk of harm. *Id.* at 834, 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted). To be deliberately indifferent, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

6

Plaintiff's complaint fails to state a claim for failure to protect under these legal standards. Although Plaintiff states that Defendants directed the inmates to assault Plaintiff, Plaintiff does not include any facts to support that conclusion. Plaintiff does not allege anything any Defendant or inmate said that would indicate that the defendants directed the inmates to attack Plaintiff. Plaintiff also does not allege that he saw any Defendant directing any inmate to attack Plaintiff. Plaintiff's complaint thus fails to allege facts in support of his claim that the named defendants violated his Eighth Amendment rights by failing to protect him from the inmates' assault.

Thus, Plaintiff fails to state a failure to protect claim under the Eighth Amendment against any Defendant.

### C.  Deliberate Indifference to Serious Medical Needs

Plaintiff's complaint also alleges that defendants deprived him of medical care immediately after the alleged assault. (ECF No. 1, at 4).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference to a prisoner's medical issue is established only where the Defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)), overruled on other grounds by *WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).

\\\

As to the subjective standard, a prison official or prison medical provider acts with "deliberate indifference…only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 101, 1057 (9th Cir. 2004) (citation omitted). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how serious the risk." *Gibson*, 290 F.3d at 1188 (citation omitted).

Plaintiff's complaint alleges that he received "no treatment" for the injuries he received from the attack by inmates. However, Plaintiff's complaint fails to allege any facts connecting his lack of medical care to any of the defendants. Plaintiff does not allege that he sought medical treatment from any Defendant, nor that any Defendant failed to respond to a request for treatment.

Plaintiff's complaint thus fails to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against any Defendant.

### D. Violation of Classification Timing Rules

Plaintiff's complaint also alleges that the prison failed to follow prison regulations regarding his classification evaluation. (ECF No. 1, at 4).

"[T]here is no § 1983 liability for violating prison policy. [Plaintiff] must prove that [the official] violated his constitutional right." *Cousins v. Lockyer* 568 F.3d 1063, 1069 (9th Cir. 2009) (quoting *Gardner v. Howard,* 109, F.3d 427, 430 (8th Cir. 1997). Violations of prisons internal rules do not state a violation of the constitution. *Id.*, at 1070 (the failure to follow prison regulations or policies is not a federal constitutional violation); *Witkin v. Cook*, No. 2:20-CV-2355-JAM-DBP, 2022 WL 958526, at *4 (E.D. Cal. Feb. 17, 2022), report and recommendation adopted, 2022 WL 956996 (E.D. Cal. Mar. 30, 2022) ("[F]ailure to follow prison policy is not sufficient to state a claim in a § 1983 action.") (citing *Cousins*, 568 F.3d at 1070).

Based on these legal standards, Plaintiff's allegations regarding the prison's compliance with the classification rules fail to state a cognizable claim.

## V.    FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order. (ECF No. 6; *see also* ECF Nos. 8, 10).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. (ECF No. 6). The Court has granted two requests for extension of time but denied a third.  This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade, and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

\\\

As for the availability of lesser sanctions, the Court has granted two requests for extensions of time to respond to the Court's screening order.  The Court denied the most recent extension of time, which was based on similar reasons as the first two requests for extension of time.  Given that Plaintiff has chosen not to respond to the Court's screening order despite multiple extensions of time, it does not seem likely that an additional extension of time will result in Plaintiff responding to the Court's order in a timely manner. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. Given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors and considering that Plaintiff's complaint failed to state a claim, the Court would be within its discretion to dismiss the case with prejudice.  However, in light of Plaintiff's third request for extension of time, which the Court denied, the Court will recommend dismissal without prejudice so that Plaintiff has an opportunity to refile the case if he believes that he can add additional factual allegations that may state a claim.

## VI.   ORDER, CONCLUSION, AND RECOMMENDATIONS

Accordingly, IT IS ORDERED that the Clerk of Court is directed to assign a District Judge to this case.

Further, IT IS RECOMMENDED as follows:

1.      This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

2.      The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no

more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 31, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE